UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER JOHNSON,

                Plaintiff,

-against-

YOUTUBE; GOOGLE; ALPHABET INC.;
SERGEY BRIN; LARRY PAGE; KENT
WALKER,

                Defendants.

26-CV-1570 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Columbia, South Carolina, brings this *pro se* action alleging that Defendants violated his rights under state law. Named as Defendants are YouTube, Google, Alphabet, Inc., Sergey Brin, Larry Page, and Kent Walker. For the following reasons, this action is transferred to the United States District Court for the District of South Carolina.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants violated his rights when sexual imagery appeared on his computer, presumably at or near his residence in Columbia, South Carolina. The State of South

Carolina constitutes one judicial district. *See* 28 U.S.C. § 121. Because Plaintiff alleges no facts suggesting that any of the events giving rise to his claims occurred in this District, venue does not appear proper in this court under Section 1391(b)(2).

Plaintiff provides a New York, New York address for Defendant Google, but he does not provide business or residential addresses for any of the remaining defendants. Because Plaintiff does not allege that all defendants reside in the State of New York or the State of South Carolina, venue appears improper in both this District and the District of South Carolina under Section 1391(b)(1). Even if the Court did assume that all defendants resided in the same state, whether New York or South Carolina, and that venue therefore is proper here or the District of South Carolina under Section 1391(b)(1), because the events giving rise to Plaintiff's claims occurred in or around Columbia, South Carolina, venue would also be proper under Section 1391(b)(2) in the District of South Carolina.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see*

2

*also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in or around Columbia, South Carolina, where Plaintiff resides and where Defendants appear to be subject to personal jurisdiction with respect to this action. It is also reasonable to expect that the relevant documents and witnesses also would be in Columbia, South Carolina. The District of South Carolina appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the District of South Carolina. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of South Carolina. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this case in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 3, 2026
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge